STONE, Judge,
concurring specially.
As Judge Owen's dissent correctly states, the trial court did not specify in writing that Appellee was a substance abuser amenable to rehabilitation. However, a court form entitled “court status,” incorporated into the written sentencing documents, required Appellee to go into the “Straight” program (obviously for substance abusers), to provide a periodic urinalysis, and to attend Alcoholics and Narcotics Anonymous meetings. Another executed contemporaneous order mandated Appellee’s placement in, and successful completion of, a residential treatment program that “meets” his “needs.” The documents additionally included an order that Appellee be held in custody until a representative from the Straight program picked him up. Considering the totality of the circumstances, these writings are sufficient to permit the trial court to revisit the question of a downward departure.
I also note that our majority opinion does not comment on whether probation is a viable alternative sentence. That issue is not raised on this appeal.